IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHANIE R SCHEMPP,<br><br>    Plaintiff,<br><br>  v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, LOCAL 16, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 12-06147 CRB<br><br>**ORDER REMANDING CASE** |

      Plaintiff Stephanie Schempp is a woman and a lesbian who began an apprenticeship with Defendant International Alliance of Theatrical Stage Employees Local 16 ("IATSE") in 2008. See Not. of Removal (dkt. 1) Ex. A (Compl.) ¶¶ 1, 21. Plaintiff brought suit in state court, accusing IATSE of discrimination, harassment, and retaliation under California's Fair Employment and Housing Act (FEHA) and California Government Code § 12940, and of violating California's Unfair Competition Law, all in connection with her apprenticeship. See generally id. Defendant removed the case to this Court, arguing that each of Plaintiff's state law causes of action are preempted by Section 301 of the Labor Management Relations Act of 1947 (LMRA), because each requires interpretation of IATSE's By-Laws, the Constitution of the International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, its Territories, and Canada, AFL-

1  CIO, CLC and IATSE's Collective Bargaining Agreements with various employers.
2  See Not. of Removal at 7. Plaintiff moves to remand the case, and requests an award of costs
3  and fees. See generally Mot. (dkt. 9). The Court finds this matter suitable for resolution
4  pursuant to Civil Local Rule 7-1(b), VACATES the hearing currently set for January 11,
5  2013, GRANTS the Motion for Remand and DENIES the request for costs and fees.

6        Generally speaking, federal law exclusively governs all claims "for violation of
7  contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Thus, federal
8  courts lack jurisdiction to entertain state law claims that require the interpretation of a labor
9  contract, such as a collective bargaining agreement. See Elec. Workers v. Hechler, 481 U.S.
10 851, 863 & n.5 (1987); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 218 (1985); Teamsters
11 v. Lucas Flour Co., 369 U.S. 95, 103-04 (1962). As the Ninth Circuit has explained, state
12 law claims are preempted if "their evaluation is 'inextricably intertwined with consideration
13 of the terms of [a] labor contract.'" Hayden v. Reickerd, 957 F.2d 1506, 1509 (9th Cir.
14 1992) (quoting Allis-Chalmers, 471 U.S. at 213). By contrast, if state law claims involve
15 "nonnegotiable state-law rights . . . independent of any right established by contract,"
16 meaning that they only tangentially or superficially implicate a labor contract, then such
17 claims are not preempted by federal law. Miller v. AT&T Network Sys., 850 F.2d 543, 546
18 (9th Cir. 1988) (quoting Allis-Chalmers, 471 U.S. at 213).

19       In general, the Ninth Circuit has held that claims of discrimination under FEHA are
20 not preempted by federal law. See Ramirez v. Fox Television Station, Inc., 998 F.2d 743,
21 748 (9th Cir. 1993) ("In every case in which we have considered an action brought under the
22 California Employment Act, we have held that it is not preempted . . . ."); see also Cook v.
23 Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir. 1990) (religious discrimination);
24 Jackson v. So. Cal. Gas Co., 881 F.2d 638, 644 (9th Cir. 1989); (racial discrimination);
25 Chmiel v. Beverly Wilshire Hotel Co., 873 F.2d 1283, 1286 (9th Cir. 1989) (age
26 discrimination); Ackerman v. Western Elec. Co., 860 F.2d 1514, 1517-18 (9th Cir. 1988)
27 (disability discrimination); Carter v. Smith Food King, 765 F.2d 916, 921 & n.6 (9th Cir.
28 1985). These cases rest upon the view that "the rights conferred by the California

2

Employment Act are 'defined and enforced under state law without reference to the terms of any collective bargaining agreement,'" Ramirez, 998 F.2d at 748 (quoting Chmiel, 873 F.2d at 1286), and that "[a]ctions asserting those rights are thus independent of collective-bargaining agreements," id. (quoting Ackerman, 860 F.2d at 1517). Thus, as a general matter, claims of retaliation or discrimination under FEHA, such as those set forth in Plaintiff's complaint, are not preempted simply because they involve a relationship that is governed by a labor contract.

On rare occasions, however, courts have found that claims under FEHA are preempted. For example, in Audette v. Longshoremen's and Warehousemen's Union, 195 F.3d 1107, 1113 (9th Cir. 1999), the Ninth Circuit held that a union member's retaliation claim was preempted by federal law. Similarly, in Madison v. Motion Picture Set Painters and Sign Writers Local 729, 132 F. Supp. 2d 1244, 1252-54 (C.D. Cal. 2000), a district court in this Circuit held that one of an African-American painter's state law claims of racial discrimination against his union was preempted. These two cases represent an exception to the general rule that state law claims of discrimination are not preempted. That exception is a narrow one; state law claims are preempted only when the resolution of an allegation of discrimination itself hinges on the interpretation of a labor contract. In Audette, for example, the Ninth Circuit held that the retaliation claim was preempted because it required the court to determine whether the terms of a prior settlement agreement provided the union with a legitimate justification for its conduct. Audette, 195 F.3d at 1113 (claim did "not involve a free-standing claim of discrimination"). In the same way, the district court in Madison distinguished independent claims of discrimination from claims that rest upon a contested interpretation of contractual terms. See Madison, 132 F. Supp. 2d at 1252, 1153-54; see also Horne v. District Council 16 Int'l Union of Painters & Allied Trades, No. 10-4653, 2011 WL 176821, at *3 (N.D. Cal. 2011) (FEHA claim involved interpretation of union's bylaws and constitution because claim was based on them); Ramirez, 998 F.2d at 948-49 (differentiating between claims that require court to reference bargaining agreement, which are not preempted, and claims that require court to interpret bargaining agreement, which are).

The question here is whether the claims advanced by Plaintiff require the resolution of some dispute about the scope or meaning of the contractual agreement between Plaintiff and IATSE. In this case, Plaintiff bases her discrimination, harassment, retaliation and unfair competition claims on general allegations that the membership of IATSE "is overwhelmingly male through concerted effort to limit female members," Compl. ¶ 18, that IATSE "eliminates opportunities for females in various other methods, including establishing a completely arbitrary method for selecting members and apprentices for work, ignoring the professional experience and qualification of female applicants, passing over qualified female applicants and apprentices, intentionally hiding membership procedures from female applicants and apprentices . . . harassing female apprentices and retaliating against female applicants and apprentices who complain," etc., id. ¶ 19, and that IATSE "has maintained a long and consistent pattern of sex discrimination against its female putative members," id. ¶ 20. Specifically Plaintiff alleges, for example, that she was "singled out at work and treated poorly," which included being "verbally abused" to teach her a lesson about being a girl. Id. ¶ 21. She describes being instructed to hand over her tools to a male co-worker and to let him do the work she had been assigned. Id. ¶ 22. She describes a steward screaming obscenities at her, id. ¶ 25, being told that she should "just quit," id. ¶ 37, and getting passed over for opportunities while "male and heterosexual apprentices were working more and getting promoted to better jobs," id. ¶ 29. She asserts that she wrote an email to Defendant Edward Raymond describing her concerns, which Raymond never responded to, and which was followed by the denial of her requests for assignments and by additional harassment. Id. ¶¶ 42-46.

Although some of Plaintiff's allegations reference IATSE's Constitution and By-Laws, see, e.g., id. ¶ 32 ("IATSE Local 16's Constitution and By-laws provides an appeal process. Plaintiff was never charged and tried per [those processes] nor was she ever afforded any of the due process contained therein despite being the subject of complaints that IATSE Local 16 could never produce upon request"), it cannot reasonably be said that her claims are "substantially dependent on analysis of a collective-bargaining agreement,"

4

see Cramer v. Consolidated Frightways, Inc., 255 F.3d 683, 689 (9th Cir. 2001) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386 (1987)). As in Guidry v. Marine Engineers Beneficial Ass'n, No. 05-3960, 2007 WL 707511, at *5, "Plaintiff's claim[s] rest primarily on alleged conduct by [IATSE] that entail[] no quarrel over the meaning of contractual terms at all. Indeed, the union does not (nor could it) claim that its contract with Plaintiff is susceptible to any construction that would permit it to subject" her to discrimination, harassment, retaliation, or unfair business practices based on her gender or sexual orientation. To the extent that some of Plaintiff's allegations require reference to a contract, as Defendant asserts, see Opp'n (dkt. 13 at 4-5) (arguing that by announcing Plaintiff's tardiness at meetings Defendant was merely "following the procedure . . . as set forth in Local 16's Constitution and Bylaws"), her claims can nonetheless be resolved without interpreting any particular contractual provision. "If a claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer, 255 F.3d at 691.

Plaintiff's state law claims are not preempted by the LMRA. See Guidry, 2007 WL 707511, at *6 ("Plaintiff's right to be free from retaliatory action, which was conferred by the California legislature via FEHA, does not depend on Plaintiff's contract . . . and could not be abrogated by it"). Accordingly, the case does not present a federal question; the Court therefore GRANTS Plaintiff's Motion for Remand. Plaintiff also seeks costs and fees, arguing that Defendant's removal of the action was done in bad faith. See Mot. at 6-8. The Court DENIES that request, finding a lack of evidence of "abusing and harassing reasons" for the removal. See id. at 8.

**IT IS SO ORDERED.**

Dated: January 9, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE